Case 4:24-cv-01622   Document 55   Filed on 10/15/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WINDLAND INTERNATIONAL, INC. D/B/A SUPER TIRE, *Plaintiff*, § § § § | |
| v. § | CIVIL ACTION NO. 4:24-CV-01622 |
| TRANSJET CARGO LLC ET AL., *Defendants*. § § § § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff's Unopposed Motion for Default Judgment and for Entry of Final Judgment.[1] ECF 53. The Plaintiff asks the Court to enter default judgment against Defendant MPCO Carriers, Inc. ("MPCO") only. *Id*. For the reasons explained below, the Court RECOMMENDS that the Motion for Default Judgment be GRANTED.

## I.  Background

Plaintiff initiated this lawsuit in Texas state court on March 5, 2024. ECF 1-3. Defendant Transjet Cargo LLC ("Transjet") removed the action to this Court on April 30, 2024. ECF 1. Plaintiff filed an amended complaint against all Defendants (Transjet, MPCO, and Inter Cargo Logistics ["Inter Cargo"]) on December 6, 2024. ECF 24. Plaintiff alleges that it contracted with Transjet to transport a shipment of 392

---

[1]  The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 10.

tires from California to Houston. ECF 24 ¶¶ 2.2, 31. Plaintiff claims Transjet either contracted directly with MPCO to ship the tires or contracted with Inter Cargo, who subcontracted the job to MPCO. *Id.* at ¶¶ 3.2-3.5. Plaintiff alleges MPCO received the cargo and failed to deliver it. *Id.* Alternatively, Plaintiff claims Inter Cargo received the cargo from Transjet and subsequently transferred it to an unauthorized driver who used MPCO's credentials to steal the load. *Id.* Plaintiff alleges MPCO "failed to properly secure its DOT operating authority and identifying information," which allowed the unauthorized driver to impersonate MPCO. *Id.* at ¶ 3.3. The District Judge dismissed Defendant Inter Cargo from this case on March 5, 2025. ECF 38. Plaintiff brings an action against MPCO pursuant to the Carmack Amendment for either receiving the cargo and not delivering it or allowing another party who failed to deliver to use its authority. *Id.* at ¶ 4.14. Plaintiff claims $120,728.20, the cargo's value, in damages. *Id.* at ¶ 3.14, 4.15.

Plaintiff served MPCO through Defendant's registered agent on January 7, 2025. ECF 28. To date, MPCO has not appeared or answered in this case. On February 24, 2025, the Clerk entered default against MPCO. ECF 37. After several deadline extensions, Plaintiff moved for entry of default judgment against MPCO, asking for $120,728.20 in damages as well as taxable costs.

## II.  Default Judgment Standards

Federal Rule of Civil Procedure 55(a) grants courts authority to enter default

2

judgment against a defendant who fails to plead or otherwise defend itself. In exercising its discretion to enter a default judgment, the Court must determine "(1) whether default judgment is procedurally warranted; (2) whether [Plaintiffs'] complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, [Plaintiffs] should receive." *Quintillion Subsea Operations, LLC v. Maritech Project Servs., Ltd., Mi, Ltd.*, No. 4:20-CV-02310, 2023 WL 5836833, at *2 (S.D. Tex. Aug. 16, 2023), report and recommendation adopted No. 4:20CV02310, 2023 WL 5837513 (S.D. Tex. Sept. 8, 2023).

To make the first determination, whether default judgment is procedurally warranted, courts in the Fifth Circuit must consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). To make the second determination, the court looks at whether the well-pleaded factual allegations in the Plaintiff's Complaint establish a valid cause of action. *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The third determination requires the Court to award only the relief prayed for in the Complaint as required by Federal Rule of Civil Procedure 54(c). *Id.* A

defendant's default establishes only liability, not the amount of damages. *Id.* (citing *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded absent a hearing or the presentation of detailed affidavits establishing the necessary facts. *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III. Analysis

#### A. Default judgment is procedurally warranted.

Consideration of the six *Lindsey* factors establishes that a default judgment is procedurally warranted. In the absence of an answer or other response, the Complaint establishes the material facts. Default judgment does not substantially prejudice Defendant because its own inaction "has ground the adversary process to a halt, prejudicing [Plaintiff's] interest in pursuing [its] claim for relief. *Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *2 (W.D. Tex. Nov. 23, 2020). The entry of default demonstrates that grounds for default have been clearly established, and nothing in the record indicates that Defendants' default is the result of a good faith mistake or excusable neglect.

The Court is not aware of any reason the district court would be obligated to set aside the judgment upon a motion by Defendants. *See A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 F. App'x 221, 225 (5th Cir. 2019) ("In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1), we

examine the following factors: whether the defendant willfully defaulted, whether a meritorious defense is presented, and whether setting aside the default judgment would prejudice the plaintiff.").

### B. Plaintiff's First Amended Complaint establishes entitlement to relief.

#### 1. The Court maintains subject matter and personal jurisdiction in this case.

Subject matter jurisdiction over Plaintiff's claim against MPCO exists because the action arises under federal law (the Carmack Amendment). *See* 28 U.S.C. 1331; 49 U.S.C. § 14706. Plaintiff's Complaint claims the cargo was valued at $120,728.20, a sum which meets the amount in controversy requirement for federal question jurisdiction under the Carmack Amendment. *See* ECF 25 ¶ 3.15; 28 U.S.C. 1337(a). *See also Kimmel v. Bekins Moving & Storage Co.*, 210 F. Supp. 2d 850, 852 (S.D. Tex. 2002) (explaining the $10,000 Carmack Amendment amount in controversy requirement).

Further, Plaintiff alleges facts which establish a basis for personal jurisdiction over Defendant MPCO. The Complaint states MPCO is a domestic corporation whose principal place of business is Texas. ECF 24 ¶ 1.4. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (explaining a corporation is subject to general jurisdiction where it is incorporated or its principal place of business).

### 2. Plaintiff has presented a prima facie case under the Carmack Amendment.

The Carmack Amendment provides shippers a "cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (cleaned up). The liability covers

> the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702.

49 U.S.C. § 14706. "To recover, a shipper must establish a *prima facie* case of negligence by demonstrating: (1) delivery of the goods in good condition; (2) receipt by the consignee of less goods or damaged goods; and (3) the amount of damages." *Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 479 (5th Cir. 2006). When a prima facie case is established, the presumption of negligence can only be overcome by the carrier demonstrating "it was free from negligence *and* that the damage was due to the inherent nature of the goods or attributable to an act of God, public enemy, the shipper, or public authority." *Id.* (emphasis in original).

By its default, MPCO has admitted the well-pleaded allegations of fact in Plaintiff's Complaint which establish a valid claim under the Carmack Amendment. *See Nishimatsu*, 515 F.2d at 1206. As a threshold matter, Plaintiff alleges that

6

Defendant is subject to Carmack liability as a receiving carrier. ECF 24 ¶ 4.12. *See Flynt v. Coleman Worldwide Moving, LLC*, No. 423CV00327SDJAGD, 2024 WL 1337356, at *6 (E.D. Tex. Mar. 28, 2024) (explaining that the plain meaning of the statute could define receiving carrier as a carrier who received the shipper's goods and was required to issue a bill of lading, regardless of actual issuing) (citing *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 103 (2010)). Plaintiff alleges that Transjet received the cargo and then Transjet or Inter Cargo allowed MPCO, or an unauthorized driver operating under MPCO's credentials, to take possession of the cargo. ECF 24 ¶¶ 3.4-3.7. Plaintiff's Complaint alleges the cargo was in good condition when MPCO or the unauthorized driver received it. *Id.* at ¶ 4.10. Plaintiff did not receive the cargo and presumes it was lost or stolen. *Id.* at ¶ 4.11.

The Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706) fixes the amount of damages as the value of the undelivered cargo. Plaintiff alleges the value of the cargo was $120,728.20, an amount that is deemed admitted by MCPO's default. Because damages under the Carmack Amendment are limited to the value of the actual loss, Plaintiff has demonstrated it is entitled to $120,728.20 in damages. *Id.* at ¶ 4.15. *See Wattiker v. Elsenbary Enters., Inc.*, No. 3:22-CV-940-B-BN, 2023 WL 5167023, at *5 (N.D. Tex. May 19, 2023) (entering default judgment using pleadings as evidence for damages in Carmack case), *report and recommendation adopted*, No. 3:22-CV-940-B, 2023 WL 5167019 (N.D. Tex. June

13, 2023).

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment (ECF 53) be GRANTED and a Default Judgment be entered in favor of Plaintiff against Defendant MPCO for $120,728.20 in damages and post-judgment interest at the applicable federal rate at the time of entry of final judgment. *See* 28 U.S.C. 1961.

The Clerk of the Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 15, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge